By the Court. Hoffman, J.
We shall first consider the exception to the charge of the Judge, respecting the effect of the Statute of Limitations.
After the testimony had been closed, the Judge remarked, that the pleadings set up the Statute of Limitations, and *408 nothing had been said about it. The counsel for the defendants stated that the summons was not served until the 15th of February, and insisted that it was for the plaintiff to show that the action was commenced within six years. The counsel for the plaintiff contended that it was for the defendant to show that the action was not commenced within six years, and so the Judge ruled.
But apparently waiving this decision in his favor, the counsel of the plaintiff read in evidence the summons and the endorsement thereon, a copy of which is in the case. The counsel of the defendants again insisted that there was no proof to show that the action had been commenced within six years after the cause of action accrued.
The Judge charged, that as to the Statute of Limitations, the cause of action accrued on the 29th of January, 1849, when the goods were taken; that although the summons was served in February, 1855, yet from the delivery of it on the 25th of January, 1855, and its subsequent service, the action was to be deemed commenced at the time of such delivery.
To which ruling of the Judge, as to the proof of the commencement of the action, the counsel for the defendant then and there excepted.
The jury found for the plaintiff, as before stated.
The summons produced in evidence is dated January, 1855, and is endorsed—
“Received, January 25, 1855.
“J. C. Willett, Under Sheriff"
The Code (§ 99) provides, that an attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of the title (Time of Commencing Actions), when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided. The attempt must be followed by service within sixty days.
The service was made on the 15th of February, and the section would be complied with fully, if the proof of the delivery to the sheriff on the 25th of January was sufficient. The certificate of the service by the sheriff is, that he served it on the defendants, at the city and county of New York.
*409 By the tenth section of the Act “ of Executions, and the Duties of Officers thereon,” the sheriff or officer receiving an execution, shall endorse thereon the year, month, day, and hour of the day, when he received the same (2 R. S. 364, § 10). There are also express statutory provisions as to the duty of sheriffs to make return of process (2 R. S. 440, § 80, 81). In such cases the executions, or other process, with the return endorsed upon them, are made competent evidence between the parties, (Henderson v. Cairns, 14 Barbour Rep. 15; Sheldon v. Payne, 3 Selden, 453). But we do not find any provision making it the duty of the sheriff to endorse the day of receiving original process in an action upon it. The 78th section (2 R. S. 440) provides, that when process of any description is delivered to the sheriff to be executed, he shall give to the person delivering the same, if required, a minute' in writing, specifying the names of the parties, the general nature of the process, and the day of receiving the same. No such certificate was here obtained.
Our opinion is, that the endorsement by the deputy-sheriff, of the delivery of the summons at the office, is not evidence of the fact. No statute has prescribed the duty of making such an endorsement; and it is upon that ground, and upon the faith of the law that officers correctly discharge a statutory duty, that the admissibility of such evidence depends.
It is then insisted, that the point was not raised, or at least does not, upon this case, appear to have been raised. We think, after some hesitation, that there is enough in the exception to call for a decision of the point. The exception is because the Judge ruled upon the proof of the commencement of the action. The naked proposition of law involved in the charge, no respectable counsel could dream of questioning. This was simply, that by a delivery of the summons to the Sheriff, on the 25th of January, followed by a service in the month of February, (of course within sixty days,) the action should be deemed to be commenced on the former day. It was the proof on which this proposition rested, which was questioned, not the law resulting from proven facts.
The fact that the counsel of the defendants, previous to the charge, insisted, that there was no proof that the action had been commenced within six years, confirms our view.
2. The next question arises upon the defendants’ offer to show *410 that the sale, from the owners of the goods to Pemberton, was a conditional sale, which offer was overruled.
The counsel of the plaintiffs correctly insists, that where a delivery of goods has been made unconditionally, tne fact that the sale was conditional, provided the delivery was absolute, is of no importance, (Smyth v. Lynes, 1 Selden, 41.)
But is the transfer, by endorsement of a bill of lading, equivalent to a delivery of property, so as, (when made to a bond fide purchaser,) to preclude evidence of a conditional contract between the original parties?
We think that a bond fide transfer of a clean bill of lading is tantamount to an actual delivery of goods themselves, so as to supersede any previous conditional contract between the consignee and owners. Hence, the proof offered would have been immaterial.
In Conard v. The Atlantic Insurance Company, (1 Peters’ U. S. Rep. 445,) the law is thus stated. “ It is a settled rule of commercial law that the consignee is thus constituted the authorized agent of the owner, to receive the goods: and by his endorsement of the bill of lading to a bond fide purchaser for a valuable consideration, without notice of any adverse interest, the latter becomes, as against all the world, the owner of the goods. This is the result of the principle, that bills of lading are transferable by endorsement, and thus may pass the property. It matters not whether the consignee in such a case, be the buyer of the goods, or the factor or agent of the owner. His transfer in such a case, is equally capable of divesting the property of the owner, and vesting it in the endorsee of the bill of lading. And, strictly speaking, no person but such consignee can, by any endorsement of the bill of lading, pass the legal title to the goods. But if the shipper be the owner, and the shipment be on his own account, and risk, although he may not pass the title by virtue of the mere endorsement of the bill of lading, unless he be the consignee, or, (what is the same thing) it be deliverable to his own order, yet by any agreement, either on the bill, or by a separate instrument, he can pass the legal title to the same; and it will be good against all persons except such a purchaser for a valuable consideration, by an endorsement of the bill of lading itself. Such an assignment not only passes the legal title as against his *411 agents and factors, but also against creditors, in favor of the assignee.”
3. Upon the other objection, as to the admission of a question put to Le Baron, by the plaintiff, it was but slightly pressed by the counsel, and we think it is not well taken.
There must be a new trial with costs to abide the event.*

 As to the rights of a bond fide endorsee of a bill of lading for value, see Dows v. Perrin, 16 N. Y. R. 325.